IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERICK ROBERT TROMETTER,       :
       Plaintiff            :
                            :
  v.                        :  CIVIL NO. 3:CV-12-1850
                            :
SERGEANT KRISTA DROUSE, ET AL., :  (Judge Conaboy)
       Defendants           :

FILED
SCRANTON
MAY 0 4 2015
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Erick Robert Trometter initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 while confined at the Northumberland County Prison, Sunbury, Pennsylvania,. Named as Defendants are the following officials of the Northumberland County Prison: Sergeants Krista Brouse and Joe Moore; Correctional Officers Jason Greek, Lehman, and William Reber; Nurse John Doe; Deputy Warden Brian Wheary and Warden Roy Johnson.

By Memorandum and Order dated September 3, 2013, defendants' motion to dismiss was partially granted. Dismissal was granted in favor of Warden Roy Johnson and with respect to Plaintiff's claims of (1) denial of access to the courts; (2) loss of personal property; and (3) deprivation of due process. The motion to dismiss with respect to Plaintiff's claims of being subjected to: retaliation, excessive force, and unconstitutional conditions of confinement. In addition, Plaintiff was granted thirty (30) days from the date of this Memorandum and Order, in which to provide this Court with the name of the John Doe defendant.

1

Presently pending are the Remaining Defendants' motions (Docs. 40 & 41) requesting that Plaintiff be compelled to provide the Court with his current address and a HIPAA authorization. The motions note that Plaintiff was released from the Northumberland County Prison on September 11, 2013 and since that time has not provided either the Court or opposing counsel with his current correct address. The motions are unopposed.

### Discussion

A pro se litigant has an affirmative obligation to keep the court informed of his or her address. See M.D. Pa. Local Rule 83.18. If his or her address changes in the course of the litigation, the litigant must immediately inform the court of such change.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). Although Trometter apparently left the Northumberland County Prison on or about October 17, 2013, he has not advised this Court of either his release from custody nor provided it with his current address. Consequently, he has clearly failed to comply with the requirements of Local Rule 83.18.

In addition to not opposing the pending motions to compel, the Plaintiff has not provided the name of the John Doe defendant. Furthermore, Trometter has not made any filings whatsoever in this matter since June, 2013. Based upon those circumstances, it appears that Plaintiff is no longer interested in pursuing this matter.

Moreover, Trometter's failure has prevented this matter from proceeding. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal of the action. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). Since Trometter's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

Based on the present circumstances, the Remaining Defendants' unopposed motions to compel will be granted. Furthermore, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Trometter provides this Court with his current address within a reasonable time period, this determination will be reconsidered. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: MAY 5, 2015